```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
STANLEY JACKSON,                         :
                    Petitioner,          :
                                         :
          -v-                            :         03 CIV. 6987
                                         :         (DLC)(RLE)
WILLIAM PHILLIPS, Superintendent,        :
Greenhaven Correctional Facility,        :         MEMORANDUM
                    Respondent.          :         OPINION & ORDER
                                         :
---------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/4/09

DENISE COTE, District Judge:

On September 10, 2003, Stanley Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction at trial in 1998. In an Opinion and Order dated October 11, 2006, Jackson v. Phillips, No. 03 Civ. 6987 (DLC), 2006 WL 2930202 (S.D.N.Y. Oct. 11, 2006), Jackson's petition was denied. On March 17, 2008, this Court's Pro Se Office received from Jackson a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b). In a Memorandum Opinion and Order dated March 27, 2008, Jackson v. Phillips, No. 03 Civ. 6987 (DLC), 2008 WL 821831 (S.D.N.Y. Mar. 27, 2008), that motion was denied. On October 19, 2009, this Court's Pro Se Office received from Jackson another motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).

In this motion, Jackson principally attacks his conviction and not the integrity of the federal habeas proceeding. He

does, however, argue that his habeas proceeding was deficient because

> The SDNY accounted deference to a state court decision that applied a rule in direct contradiction to federal law as it identified by Supreme Court precedent. The United States District Court SDNY failure to conduct the analysis mandated by 2254(d) and its interpretation by the Supreme Court is in itself problematic.

Jackson does not, however, identify which Supreme Court precedent was misapplied in his habeas proceeding. Jackson further alleges that "[t]he district court did not apprehend the facts." Yet Jackson does not indicate which facts the district court did not apprehend in his habeas proceeding.

"[A] Rule 60(b) motion that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied." Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004). When faced with a Rule 60(b) motion that attacks a movant's underlying conviction and not the integrity of the federal habeas proceeding, a district court may deny the motion as beyond the scope of Rule 60(b). Alternatively, the court may give the movant an opportunity to withdraw the motion before treating it as a second habeas petition and transferring it to the Court of Appeals as a successive habeas petition. See id. Accordingly, it is hereby

ORDERED that Jackson's October 19, 2009 Rule 60(b) motion is denied.

SO ORDERED:

Dated:   New York, New York
         November 4, 2009

                                    _____
                                          DENISE COTE
                                    United States District Judge

COPIES SENT TO:

Stanley Jackson
DIN: 98-A-2485
Attica Correctional Facility
P.O. Box 149
Exchange St., Attica, NY 14011-0149

Yael V. Levy
Assistant District Attorney
Bronx County
198 East 161st Street
New York, NY 10451