```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
STANLEY JACKSON,                     :     03 Civ. 6987 (DLC)
                                     :
                  Petitioner,        :     MEMORANDUM OPINION
                                     :          AND ORDER
        -v-                          :
                                     :
WILLIAM PHILLIPS, Superintendent,    :
Greenhaven Correctional Facility,    :
                                     :
                  Respondent.        :
                                     :
------------------------------------ X
```

APPEARANCES:

For petitioner:
Stanley Jackson, pro se

For respondent:
No appearance filed.

DENISE COTE, District Judge:

Stanley Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2003, challenging his conviction at trial in 1998.  That petition was denied in an Opinion dated October 11, 2006 (the "Habeas Petition Opinion"), which adopted the report and recommendation issued on April 11, 2006 by Magistrate Judge Ellis (the "Report").  Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2006 WL 2930202 (S.D.N.Y. Oct. 11, 2006).  On October 30, 2006, Jackson filed a notice of appeal of the Habeas Petition Opinion.  His motion for a certificate of appealability

and in forma pauperis status was denied on May 30 2007, and the mandate issued on October 4, 2007.

Jackson filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) on March 17, 2008, that was denied on March 27, 2008 because it challenged his conviction, not his federal habeas proceeding.  Jackson v. Phillips, No. 03 Civ. 6987 (DLC), 2008 WL 821831 (S.D.N.Y. Mar. 27, 2008).  He filed another motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) on October 19, 2009.  This motion challenged both his underlying conviction and the federal habeas proceeding, but did not identify which legal precedent the Court misapplied or which facts the Court did not apprehend.  It was therefore denied on November 4, 2009.  Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2009 WL 3644033 (S.D.N.Y. Nov. 4, 2009).

On November 19, 2009, Jackson filed a motion for reconsideration of this Court's November 4, 2009 Opinion pursuant to Fed. R. Civ. P. 59(e).  This motion was denied on January 19, 2010 as it failed to identify any error of law or facts that were overlooked.  Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2010 WL 286645 (S.D.N.Y. Jan. 19, 2010).

On June 29, 2011, this Court's Pro Se Office received from Jackson a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) attacking the Court's Habeas Petition Opinion.  Jackson argues that the Court did not follow Haines v. Kerner, 404 U.S.

2

519 (1972), which found that "the allegations of [a] pro se complaint" should be "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." Id. at 520.  He also argues that this failure to read his petition liberally resulted in an abuse of discretion when his petition was denied without holding an evidentiary hearing.

Rule 60(b) permits a court to relieve a party from judgment upon a showing of:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).  The Southern District of New York's Local Civil Rule 6.3 requires that any motion for reconsideration "be served within fourteen (14) days after the entry of the Court's determination of the original

motion, or . . . after the entry of the judgment." S.D.N.Y. Local Civ. R. 6.3.

Jackson's motion must be dismissed as untimely. The June 29 motion was filed more than four years after the decision it seeks to challenge. It is therefore untimely pursuant to either S.D.N.Y. Local Civ. R. 6.3 or Fed. R. Civ. P. 60(c). Even if Jackson's motion were being made pursuant to the "any other reason" provision of Rule 60(b)(6), his delay of more than four years after the Habeas Petition Opinion was issued and more than three years after the mandate was issued by the Second Circuit restoring jurisdiction to this court does not allow for a finding that he filed this motion within a "reasonable time" under Rule 60(c).

Furthermore, the motion should be dismissed as it lacks merit. "[A] Rule 60(b) motion that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied." Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004). A motion for relief from judgment pursuant to Rule 60(b) is "generally not favored and is properly granted only on a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

4

overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Although Jackson claims that the Habeas Petition Opinion failed to read his petition liberally, as required by Haines, he fails to identify any fact that should have been identified or any valid claim that should have been read into his petition. Rather, Jackson contends that he was entitled to an evidentiary hearing since "[t]he state court did not obtain primary, subject matter over the person of the defendant jurisdiction."  He cites 28 U.S.C. § 2254(d)(4) (1966), which, prior to a substantial amendment in 1996, required an evidentiary proceeding when a petitioner had established that "the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding."  Since 1996, the relevant provision governing the need to hold an evidentiary hearing regarding a § 2254 petition is § 2254(e)(2):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--
>     (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

5

>    (B) the facts underlying the claim would be sufficient
>    to establish by clear and convincing evidence that but
>    for constitutional error, no reasonable factfinder
>    would have found the applicant guilty of the
>    underlying offense.

28 U.S.C. § 2254(e)(2) (1996). This amendment limited the circumstances under which an evidentiary hearing is necessary. 28 U.S.C. § 2254, senate revision notes (citing S. Rep. No. 1559, amend. 47).

Jackson has failed to establish any ground justifying reconsideration. Jackson's motion does not identify factual or legal arguments actually argued in his petition overlooked by the Court, which would permit reconsideration of the Habeas Petition Opinion. But insofar as the argument that Jackson made in his petition that his arrest was unlawfully made by police officers acting outside their jurisdiction could be construed as a challenge to the state court's jurisdiction, this argument was determined to be without merit. Jackson v. Phillips, 2006 WL 2930202, at *5. Under § 2254, either before or after its amendment in 1996, Jackson would not be entitled to an evidentiary hearing.

Jackson's motion does not identify any error of law or identify any facts that were overlooked. The June 29, 2011 Rule 60(b) motion is denied.

SO ORDERED:

Dated:   New York, New York
         August 31, 2011

                                   _____
                                        DENISE COTE
                                   United States District Judge