```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
STANLEY JACKSON,                     :     03 Civ. 6987 (DLC)
               Petitioner,           :
                                     :     MEMORANDUM OPINION
     -v-                             :         AND ORDER
                                     :
WILLIAM PHILLIPS, Superintendent,    :
Greenhaven Correctional Facility,    :
                                     :
               Respondent.           :
                                     :
------------------------------------ X
```

APPEARANCES:

For petitioner:
Stanley Jackson, pro se

For respondent:
No appearance filed.

DENISE COTE, District Judge:

Stanley Jackson ("Jackson") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 10, 2003, challenging his conviction at trial in 1998. That petition was denied in an Opinion dated October 11, 2006 (the "Habeas Petition Opinion"), which adopted the report and recommendation issued on April 11, 2006 by Magistrate Judge Ellis (the "Report"). Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2006 WL 2930202 (S.D.N.Y. Oct. 11, 2006). On October 30, 2006, Jackson filed a notice of appeal of the Habeas Petition Opinion. His motion for a certificate of appealability

and in forma pauperis status was denied on May 30 2007, and the mandate issued on October 4, 2007.

Jackson filed a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b) on March 17, 2008, that was denied on March 27, 2008 because it challenged his conviction, not his federal habeas proceeding.  Jackson v. Phillips, No. 03 Civ. 6987 (DLC), 2008 WL 821831 (S.D.N.Y. Mar. 27, 2008).  He filed another motion for reconsideration pursuant to Rule 60(b) on October 19, 2009.  This motion challenged both his underlying conviction and the federal habeas proceeding, but did not identify which legal precedent the Court misapplied or which facts the Court did not apprehend.  It was therefore denied on November 4, 2009. Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2009 WL 3644033 (S.D.N.Y. Nov. 4, 2009).

On November 19, 2009, Jackson filed a motion for reconsideration of this Court's November 4, 2009 Opinion pursuant to Fed. R. Civ. P. 59(e).  This motion was denied on January 19, 2010 as it failed to identify any error of law or facts that were overlooked.  Jackson v. Phillips, No. 03 Civ. 6987(DLC), 2010 WL 286645 (S.D.N.Y. Jan. 19, 2010).

On June 29, 2011, Jackson filed a fourth motion for reconsideration (the "June 29 Motion"), the second challenging the Habeas Petition Opinion pursuant to Rule 60(b).  In the June 29 Motion, Jackson argued that the Court did not follow Supreme

Court precedent that requires "the allegations of [a] pro se complaint" to be "h[e]ld to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972), and that as a result, this Court abused its discretion in denying his petition without an evidentiary hearing.  The June 29 Motion was denied in an Opinion dated August 31, both as untimely and because it lacked merit.  The June 29 Motion relied on an outdated statute regarding the need for a evidentiary hearing and failed to identify any factual or legal arguments actually argued in his petition overlooked by the Court.

On December 9, the Court's Pro Se Office received a fifth motion for reconsideration from Jackson (the "December 9 Motion"), the third to challenge the Habeas Petition pursuant to Rule 60(b).  In the December 9 motion, Jackson states that he seeks relief from the dismissal of his petition under Rule 60(b)(6): "any other reason that justifies relief."

The December 9 Motion, like the previous motion for reconsideration must be dismissed as untimely because it was not made "within a reasonable time," Fed. R. Civ. P. 60(c), nor, certainly, within "fourteen days after the entry of the Court's determination of the original motion, or . . . after the entry of the judgment," as required by the Southern District of New York's Local Civil Rule 6.3.  His delay of more than five years

3

after the Habeas Petition Opinion was issued and more than four years after the mandate was issued by the Second Circuit restoring jurisdiction to this Court does not allow for a finding that he filed this motion within a "reasonable time," especially in light of the fact that Jackson failed to raise the issues in his December 9 Motion in any of the previous four motions for reconsideration he has filed since the Habeas Petition Opinion was issued.

    Furthermore, the motion should be dismissed as it lacks merit.  "[A] Rule 60(b) motion that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied."  Harris v. United States, 367 F.3d 74, 82 (2d Cir. 2004).  A motion for relief from judgment pursuant to Rule 60(b) is "generally not favored and is properly granted only on a showing of exceptional circumstances."  United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."  Id.  Likewise, a party moving for reconsideration may not "advance new facts, issues, or arguments

4

not previously presented to the Court." Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc., 265 F.3d 97, 115 (2d Cir. 2001) (citation omitted).

Jackson argues that this Court failed to follow Supreme Court precedent regarding the review of claims that were unexhausted but procedurally barred in state court. This argument is new, never previously presented to the Court in his objections to the Report or in the motions for reconsideration that followed. But the argument also lacks merit, as he misinterprets the controlling law on the review of claims unexhausted but procedurally barred in state court.

Jackson's argument concerning the state's subject matter jurisdiction merely seeks to relitigate an issue already addressed both in the Habeas Petition Opinion and the Opinion denying the June 29 Motion. His final argument, that the Habeas Petition Opinion suffers from "plain and obvious" errors, is conclusory, failing to identify any such error.

The December 9, 2011 Rule 60(b) motion is denied. In addition, the Court declines to issue a certificate of appealability. Jackson has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith.

Coppedge v. United States, 369 U.S. 438, 445 (1962).

SO ORDERED:

Dated:    New York, New York
          December 21, 2011

                              _____
                                    DENISE COTE
                              United States District Judge

COPIES SENT TO:


Stanley Jackson                          Yael V. Levy
DIN: 98-A-2485                           Assistant District Attorney
Attica Correctional Facility             Bronx County
P.O. Box 149                             198 East 161st Street
Exchange St., Attica, NY 14011-0149      New York, NY 10451